UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-122-H

BEVERLY S. MALONE                                                                                           PLAINTIFF

V.

ADDISON INSURANCE MARKETING, INC., et al.                                              DEFENDANTS

**MEMORANDUM OPINION**

      For the second occasion, Defendants have removed this case to federal court and once again, Plaintiff has moved to remand. This case began in 1991 as a claim focusing on the Securities Exchange Act of 1934, with several supplementary state law claims. Plaintiff charged Defendants with fraudulently marketing various insurance, legal and investment products. As a preliminary matter, this Court found that the annuities in question did not constitute securities for purposes of the Securities Exchange Act of 1934. As a consequence, the Court dismissed the Exchange Act claims with prejudice and also dismissed the state law claims without prejudice due to the consequent loss of federal jurisdiction. *See Malone v. Addison Insurance Marketing, Inc.*, 225 F.Supp.2d 743 (W.D.Ky. 2002).

      During the same time, Plaintiff had also filed a separate legal malpractice case in Jefferson Circuit Court involving the same facts and naming one of the same defendants as in the original federal case. In February, 2003, the state court allowed Plaintiff to amend her state legal malpractice claim to include all those state law claims which this Court had previously dismissed on jurisdictional grounds. Defendants immediately removed to federal court arguing that a

reference in the amended complaint to a Federal Trade Commission ("FTC") consent decree involving one of the Defendants, Michael McIntyre, conferred federal jurisdiction pursuant to 28 U.S.C. § 1331.  The removed case was assigned to Judge Simpson in this Court, who granted Plaintiff's motion to remand without setting out any specific reasons for it.  The parties dispute the likely reasons for the decision.

After Judge Simpson's remand, the litigation proceeded in Jefferson Circuit Court for some one and a half (1 1/2) years.  As that court was in the process of considering Plaintiff's motion to certify a statewide class action, Defendants removed to federal court again, asserting that "Malone seeks to certify a nationwide plaintiff class action based upon alleged violations of a consent decree entered into by Defendant, Michael P. McIntyre, with the Federal Trade Commission ("FTC")."  The parties have argued vigorously about whether the grounds for removal now are the same as those described during the first removal.  The Court will decide the issue on its merits irrespective of previous past arguments or rulings.

Two related proceedings are relevant to the Court's inquiry.  The most significant is the final consent decree entered into between the FTC and Michael McIntyre (the "Consent Decree") on April 15, 1997.  The Consent Decree prohibits McIntyre from engaging in a wide variety of unlawful or deceptive practices.  The first amended complaint alleges that McIntyre was president and a director of Addison Insurance Marketing, Inc. ("Addison") and a principal of ALMS, Ltd., L.L.P. ("ALMS").  It references the Consent Decree and describes many of its terms.  It asserts that the allegations contained in the first amended complaint also constitute violations of the Consent Decree.  Plaintiff makes no further specific allegations about the Consent Decree in support of its various state law claims.  The other proceeding occurred on

2

September 2, 2004, when the United States District Court for the Middle District of Florida approved settlement of a nationwide class action against Addison. Plaintiff was a member of that class. The District Court is now considering a motion to bar Plaintiff from pursuing her claims against American Equity Investment Life Insurance Company ("American Equity") in this forum.

I.

A party may remove "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). The well-pleaded complaint rule has long governed whether an action arises under federal law for purposes of removal. *Denzik v. Regional Airport Authority of Louisville and Jefferson County*, 361 F.Supp.2d 659, 661 (W.D. Ky. 2005). Under that rule, a plaintiff is the master of his claim for all removable purposes. *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 514 (6th Cir. 2003). Removal is authorized only where the plaintiff's well-pleaded complaint presents a federal question. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). It is well established that "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Roddy v. Grand Truck Western R.R., Inc.*, 395 F.3d 318, 322 (6th Cir. 2005) (quoting *Caterpillar*, 482 U.S. at 393). Here, Plaintiff has pled state law causes of action, while at the same time referencing the Consent Decree.

The Sixth Circuit has said a number of things about whether exceptions are allowed to the basic removal rules. It has said that artful pleading will not be allowed to avoid removal

where a substantial disputed question of federal law is actually a necessary element of the state claim. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); *see also Long v. Bando Mfg. of America, Inc.*, 201 F.3d 754 (6th Cir. 2000). It has said that the only exception to the well-pleaded complaint rule is the doctrine of complete preemption. *Robinson v. Michigan Consolidated Gas Co., Inc.*, 918 F.2d 579, 585 (6th Cir. 1990). For reasons that the Court will reference later, neither of these generally accepted exceptions applies here.

The Sixth Circuit has also issued two decisions that seem to establish special exceptions to the well-pleaded complaint rule. *See Striff v. Mason*, 849 F.2d 240 (6th Cir. 1988), *overruled on other grounds by Martin v. Wilks*, 490 U.S. 755 (1989); *Sable v. General Motors Corp.*, 90 F.3d 171 (6th Cir. 1996). The question presented here is whether Plaintiff's reference to the Consent Decree is of sufficiently federal character to support removal or whether the state relief sought has such a direct and adverse effect upon the Consent Decree as to allow removal. A preliminary review of *Striff* and *Sable* are therefore necessary.

A.

In *Striff*, the Toledo Department of Police operated under a federal consent decree that required certain actions to expand the number of black and Hispanic individuals available for promotion to the rank of lieutenant. One police officer brought a state action to prohibit the Civil Service Commission from using a particular method for determining those eligible for promotion. The state court issued a temporary restraining order prohibiting the department from making any promotions to the rank of lieutenant. The department removed to federal court on the grounds that the state restraining order frustrated the department's ability to carry out the

4

requirements of the federal consent decree. Plaintiffs moved to remand. Despite the expiration of the state restraining order, the district court denied the motion.

On appeal, the Sixth Circuit found that Striff actually sought and received a restraining order barring all promotions to the rank of lieutenant. It concluded that this relief had "a direct and adverse impact on the federal consent decree enforcing federal civil rights laws." *Id.* at 244. The court concluded that Striff obtained relief that amounted to a collateral attack on the consent decree. All these factors appear to have demonstrated that the true nature of *Striff*'s claims "had a sufficient federal character to support removal." *Id.* at 245. As articulated, this is an unusual reason for supporting removal.[1]

In *Sable*, the administrator of an estate of a landfill owner brought a state action for damages caused by the failure of manufacturer to remove contaminants from an industrial waste landfill site. The complaint made no reference to any federal statute or enforcement proceeding. The defendant removed to federal court, which denied plaintiff's motion to remand.

On appeal the Sixth Circuit noted that almost a decade previously, the EPA and the defendant had entered into a consent agreement whereby the defendant paid substantial sums to create a system to contain the contaminants on the site, rather than being required to remove them. It found that by asking for damages caused by the nonremoval of the chemicals, the plaintiff's complaint sought a remedy in direct conflict with the consent decree. "The consent decree specifically rejects the option of removing the chemicals. Since plaintiff seeks relief that conflicts with the consent decree, plaintiff's claim arises under federal law." *Sable*, 90 F.3d at

---

[1] Indeed, this case appears somewhat at odds with well-established removal doctrine. Other circuits seem unwilling to go so far in creating exceptions. *See MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 491-92 (5th Cir. 2002); *County Collector of County of Winnebago, Ill. v. O'Brien*, 96 F.3d 890, 897 n. 9 (7th Cir. 1996).

174 (citing *Striff*, 849 F.2d at 244-45). The Sixth Circuit affirmed denial of the remand.

B.

Taken together, these Sixth Circuit cases suggest that a purely state law claim is removable in limited circumstances where (1) adjudication of the state claim either impedes the implementation of a federal consent decree, (2) seeks a remedy based on conduct actually permitted by such a decree or (3) an element of the state claim involves a question of substantial federal law or interest. Our case does not come close to meeting any of these criteria. Defendants have not suggested how the instant litigation is likely to impede the continued validity and enforcement of the Consent Decree. Plaintiff's remedy does not directly conflict with the Consent Decree nor do Plaintiff's state claims require proof of a substantial federal issue is a necessary element. Our facts present little more than circumstances where a state court may find it necessary to interpret rights similar to those elaborated in a federal decree. State courts often perform such tasks without it becoming the occasion for removal to a federal court.

Actually, it is not clear to the Court that the Consent Decree would play any role whatsoever in the trial of this case. The Consent Decree binds McIntyre to certain minimum standards of conduct in its business operations. While the actions alleged in the first amended complaint may constitute violations of the Consent Decree, Plaintiff need not prove violations of the Consent Decree in order to succeed in her state law claims. True, Plaintiff may want to introduce the Consent Decree as evidence that some Defendants knew that their conduct was unlawful and fraudulent. It is far from certain, however, that either the Consent Decree or evidence that McIntyre violated it are relevant to this case. Even though Defendants seek removal because Plaintiff referenced the Consent Decree, no doubt they will argue that the

Consent Decree is irrelevant to resolution of the state law claims.

In sum, the Court concludes that the Consent Decree acts here much in the same way as federal statutory law interposed as a defense.  The Supreme Court has held that the preclusive nature of a prior federal court order could not provide a basis for federal court jurisdiction.  *Rivet v. Legions Bank of Louisiana*, 522 U.S. 470, 478 (1998).  The Supreme Court analogized such action to an attempted removal to federal court based on a federal defense.  It said that reliance on such court orders amounted to a claim of preclusion, which is an affirmative defense.  *Id.*  Our case seems to fit precisely in this category.

The Court concludes that these state law claims do not arise from any federal law and could not have been filed originally in federal court.  The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record